IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE LUERA, #M23550 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-00350-MAB |
| | ) | |
| DOUGLAS LYERLA and | ) | |
| JOHN BALDWIN, in official capacity | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on a number of post-trial motions filed by the parties (Docs. 241, 248, 249, 255, 258, 259, 260, and 261). Before addressing any of the motions, a brief summary of the proceedings in this case is necessary.

Plaintiff Jose Luera filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 asserting constitutional claims against the Director of the Illinois Department of Corrections, various prison officials at Stateville Correctional Center and Menard Correctional Center, and Wexford Health Sources, Inc. regarding his placement in a cell with a mentally ill inmate who violently beat him and caused substantial physical and mental injuries and the allegedly deficient medical care he received thereafter (Doc. 82).

The only claims remaining at the time of trial were Plaintiff's Eighth Amendment claim for failure to protect against Defendant Douglas Lyerla, a correctional major at Menard, and Plaintiff's claim against Defendant John Baldwin for injunctive relief related

1

to his medical care (*see* Doc. 199). Plaintiff's claim against Major Lyerla was tried to a jury, which returned a verdict in favor of Lyerla on November 20, 2018 (Doc. 232). Plaintiff's claim for injunctive relief was tried to former Magistrate Judge Stephen Williams on December 13, 2018 (Doc. 236). Following the Plaintiff's presentation of his case-in-chief, Judge Williams granted the defense's Rule 52(c) motion for judgment as a matter of law on Plaintiff's request for injunctive relief (Doc 235). Judge Williams issued a written order memorializing his ruling that same day (Doc. 235). Judgment was entered in the case on December 17, 2018 (Doc. 238).[1]

On January 16, 2019, Plaintiff, by and through his court-appointed counsel, filed a "Post-Trial Motion" but neglected to file the supporting memorandum (*see* Doc. 241). Defendants nevertheless filed a response in opposition to the motion, asserting in part that Plaintiff's motion was untimely (Doc. 244). This prompted Plaintiff to file his own *pro se* Motion to Reopen Time to File Notice of Appeal and *pro se* Motion for Relief from Judgment (Docs. 248, 249). Three days later, Plaintiff's counsel filed a motion seeking to withdraw from the case based on Plaintiff's assertion in his *pro se* motions (Doc. 250). It was at this point that the Court discovered Plaintiff's counsel never filed the memorandum referenced in the post-trial motion. Plaintiff's counsel was ordered to file the memorandum, his motion to withdraw was denied, and he was ordered to remain in the case to finish the briefing that he started on the motion for new trial (Doc. 253).

Plaintiff's counsel filed the memorandum (Doc. 254), along with a motion asking

---

[1] Judge Williams retired from the bench in December 2018 and this case was subsequently reassigned to the undersigned (Doc. 242).

the Court to reconsider the denial of his motion to withdraw (Doc. 255). The motion to reconsider remains pending. Defendants then filed an amended response in opposition to the original post-trial motion (Doc. 256), to which Plaintiff's counsel filed a reply (Doc. 257). Plaintiff then filed several more *pro se* motions (Docs. 258, 259, 260). Defendants responded by filing a motion to strike (Doc. 261).

**A. Motion for Reconsideration of Motion to Withdraw and Request for Substitution of New Counsel (Doc. 255)**

The Court will begin its discussion with Plaintiff's counsel's renewed request to withdraw. Attorney Kyler Stevens from the firm Kurowski Schultz was recruited to represent Plaintiff (Doc. 125). Attorney Stevens entered his appearance along with two other attorneys from his firm: Matthew Clyde and Patricia Simons (Docs. 127, 136, 147). Although Mr. Stevens is the only one who formally moved to withdraw his representation (Docs. 250, 255), the Court construes his request as a request for Mr. Clyde and Ms. Simons to withdraw as well. Now that all of the briefing is finished on the original post-trial motion (Doc. 241, 254, 256, 257), counsel's request to withdraw is granted. While things ended on a sour note for recruited counsel, the Court nevertheless wants to thank Mr. Stevens, Mr. Clyde, and Ms. Simons for their time and service on this matter.

**B. Plaintiff's *pro se* Motion for Relief from Judgment (Doc. 249)**

In this motion, which was filed on March 11, 2019, Plaintiff asks the Court for relief from the Order dismissing the motion for a new trial that was filed by his attorneys (Doc. 249). He asked the Court to appoint him new counsel and allow them to file a motion for

a new trial (*Id.*). However, Plaintiff was mistaken that the Court had dismissed the post-trial motion filed by his attorneys. At the time Plaintiff filed his *pro se* motion on March 11, 2019, the post-trial motion had not been ruled on and remained pending. Therefore, Plaintiff's *pro se* motion is moot. Even if that weren't the case, the Court cannot allow Plaintiff to file an untimely motion for a new trial under Rule 59(a). FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under Rule . . . 59(b), (d), and (e) . . . ."). This motion is denied.

**C. Plaintiff's *pro se* Omnibus Motion for Equitable Relief (Doc. 258)**

This *pro se* motion was filed by Plaintiff on June 5, 2019. Plaintiff provided his case materials to a "PAL," which stands for Prisoner At Law and appears to be a fancier way of saying "jailhouse lawyer." The PAL has apparently determined there are a number of deficiencies in the motions currently pending before the Court. The PAL asks the Court to withhold ruling on the post-trial motion filed by Plaintiff's counsel (Doc. 241) so that he can file a new *pro se* motion for new trial, to withhold ruling on Plaintiff's pro se motions at Docs. 248 and 249 so that the PAL can supplement them, and for leave to file an objection to the bill of costs.

The Court did not immediately rule on the "Omnibus Motion" and so the PAL filed a *pro se* "Motion for Leave to File And Decision On Pro Se Objection and Response to Bill of Costs" on July 25, 2019 (Doc. 259). The PAL then filed a *pro se* "Motion for Leave to file and Decision on Pro Se Supplemental Motion for New Trial" on August 5, 2019 (Doc. 260). Given these latter two filings, the Court considers the request for relief in the "Omnibus Motion" to be moot.

**D. Plaintiff's Motion for New Trial (Doc. 241)**

This is the original post-trial motion filed by Plaintiff's recruited counsel on January 16, 2019. In this motion, Plaintiff's counsel argues that he is entitled to a new trial because the instruction given to the jury regarding the personal involvement of Defendant Lyerla was improper and the jury verdict was against the manifest weight of the evidence (Doc. 254). Plaintiff further argues that the judgment as a matter of law on his claim of injunctive relief was against the manifest weight of the evidence (Doc. 254).

The post-trial motion invokes both Rule 50 and Rule 59 as grounds for relief (Doc. 241; Doc. 254). However, the memorandum in support of the motion only discusses Rule 59 and does not even mention Rule 50, let alone provide the legal standard for Rule 50 or an argument tailored to the specific grounds for relief under Rule 50 (Doc. 254). Additionally, because Plaintiff did not make a motion under Rule 50(a) during trial, he cannot now bring a post-trial motion under Rule 50(b). *See* FED. R. CIV. P. 50, commentary to 2006 Amendment ("Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion."). Therefore, to the extent Plaintiff is seeking relief under Rule 50, the motion is denied.

A motion for a new trial under Rule 59 must be filed *no later than 28 days* after the entry of judgment. FED. R. CIV. P. 59(b). This deadline cannot be extended. FED. R. CIV. P. 6(b)(2). Final judgment was entered in this case on December 17, 2018 (Doc. 238). Plaintiff therefore had until Monday, January 14, 2019 to file his post-trial motion. However, it was not filed until January 16, 2019 — two days late.

5

Plaintiff argues that an untimely Rule 59 motion should be treated as a Rule 60 motion (Doc. 257). That is true under Seventh Circuit precedent. *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir. 2012) (citing *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)). *See also Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 583 (7th Cir. 2012) (treating untimely Rule 59(a) motion for new trial as a Rule 60). However, "[a] Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001).[2] "Rule [59] and Rule 60(b) will retain their distinct characters, and litigants should not expect to employ our rule as a Trojan horse for sneaking what are actually tardy Rule [59] motions into the courtroom under the guise of Rule 60(b)." *United States v. Deutsch*, 981 F.2d 299, 302 (7th Cir. 1992)

Here, Plaintiff does not specify the grounds for relief under Rule 60(b) (*see* Docs. 241, 254, 257). Of the six discrete grounds spelled out in Rule 60(b), the only ones that might apply to Plaintiff are Rule 60(b)(1), which allows relief on account of "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6), the catchall provision that permits a court to reopen a judgment "for any other reason that justifies relief." FED.

---

[2] Rule 60(b) provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief."

R. CIV. P. 60(b)(1), 60(b)(6). Relief under either provision, however, is an "extraordinary remedy . . . granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017) (quoting *Bakery Machinery & Fabrication Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 849 (7th Cir. 2009)). Rule 60(b) was designed to address "situations where a judgment is the inadvertent product of 'special circumstances and not merely the erroneous application of law.'" *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 1294 (2019) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). Consequently, "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). *Accord Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014) ("The narrow operation of this provision reinforces our interest in barring the use of Rule 60(b)(6) as a substitute for direct appeal.")

Here, Plaintiff argues that he is entitled to a new trial because an improper instruction was given to the jury and the verdicts were against the manifest weight of the evidence (Doc. 254). These arguments are grounds for reversal that can and should be presented to the appellate court on direct appeal and are thus precluded by the scope of Rule 60. Even if the Court assumes that Plaintiff's Rule 59 motion was timely or that his arguments fell within the scope of Rule 60, his motion would still be denied.

Plaintiff argues that the jury verdict in favor of Defendant Lyerla and Judge Williams' decision in favor of Defendant Baldwin were contrary to the evidence (Doc. 241, Doc. 254). Plaintiff did not, however, include a narrative summary of the testimony

7

and other evidence presented at either trial (*see* Docs. 241, 254, 257). Nor did Plaintiff's counsel order a transcript of either proceeding, so none were prepared. Consequently, the Court has no way to review whether the evidence was sufficient to support the jury's verdict or Judge Williams' decision. The motion must be denied as to these arguments.

Plaintiff's only other argument is that the personal involvement jury instruction, as modified, was improper because it was misleading to the jury (Doc. 254). The trial court is afforded "substantial discretion with respect to the precise wording of the instructions so long as the final result, read as a whole, completely and correctly states the law and conveys the correct law to the jury reasonably well" *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 768 (7th Cir. 2013) (internal quotation marks and citations omitted).

Plaintiff's claim against Major Lyerla was that Lyerla failed to protect him from an attack by his cellmate (Doc. 204). There was no claim that Lyerla was liable because he turned a blind eye to his subordinates' failure to protect Plaintiff. *See* Seventh Circuit Pattern Instruction 7.23, "Liability of Supervisor." Based on the nature of Plaintiff's claim, Major Lyerla requested and the Court gave the personal involvement instruction (Docs. 229, 233). Specifically, the jury was instructed that "Plaintiff must prove by a preponderance of the evidence that Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold Defendant liable for what *other employees* did or did not do." (Doc. 229, p. 17).[3] The Court followed that instruction with a slightly modified version of Plaintiff's proposed instruction that, in order to succeed on

---

[3] This instruction mirrors Seventh Circuit Pattern Civil Jury Instruction No. 7.02 with the exception of the italicized words "other employees." The pattern instruction simply says "You may not hold [the defendant] liable for what others did or did not do."

the failure to protect claim against Major Lyerla, Plaintiff had to prove (1) a strong likelihood of serious harm existed, (2) that Lyerla was aware of that likelihood, (3) that Lyerla consciously failed to take reasonable measures, (4) that Plaintiff would not have been harmed if Lyerla had taken reasonable measures (*see* Docs. 229, 233).

Plaintiff believes the former instruction regarding personal involvement misled the jury because the meaning of "personal involvement" was never defined (Doc. 254, p. 5). Therefore, according to Plaintiff, "the jury began deliberations with any number of potential interpretations of the instruction, including even operating under the belief that this instruction required Plaintiff prove that Defendant must have personally assaulted Plaintiff." (Doc. 254, p. 5). Plaintiff also argues that the instruction further misled the jury by "improperly creating a burden that Defendant Lyerla must have created the danger to Plaintiff—not simply that he failed to intervene as Plaintiff's last, best chance at avoiding being savagely beaten." (Doc. 254, p. 5).

Plaintiff's line of reasoning, however, is not persuasive. The instructions, when read collectively, are accurate statements of the law and are not misleading. The personal involvement instruction was included based on Defendant Lyerla's rank as a Major and the supervisory nature of his position. It was important to instruct the jury that Lyerla could not be held liable based solely on his rank for the acts of his subordinates in failing to protect Plaintiff. Rather, Lyerla could only be held liable if he personally knew about the risk of an attack but took no action to prevent it.

For these reasons, Plaintiff's post-trial motion (Doc. 241) is denied.

E.  **Plaintiff's *Pro Se* Motion to Reopen Time to File Notice of Appeal (Doc. 248)**

After Defendants argued that the post-trial motion filed by Plaintiff's recruited counsel was untimely, Plaintiff filed his own motion asking the Court to reopen his time to file his notice of appeal (Doc. 248). That motion was filed on March 11, 2019. Plaintiff's recruited counsel later made the same argument in a separate filing (Doc. 257).

Plaintiff had 30 days from the entry of judgment to file a notice of appeal. 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A). The start of this 30-day period is tolled, however, if a post-trial motion under Rule 50(b), Rule 52(b), Rule 59(a), or Rule 60 is filed within 28 days of the entry of judgment. FED. R. APP. P. 4(a)(4)(A); *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 582 (7th Cir. 2012). Plaintiff's post-trial motion (Doc. 241) was not filed within 28 days of the entry of judgment, and therefore, the time for filing a notice of appeal was not tolled. *Blue* 676 F.3d at 582 ("[O]nly 'timely' motions have tolling effect."). His time for filing a notice of appeal expired 30 days after the entry of judgment on January 16, 2019.

Federal Rule of Appellate Procedure 4 provides two avenues by which parties may seek to extend the time to file a notice of appeal. The first is Rule 4(a)(5), which allows the district court to extend the time to file a notice of appeal if a party asks for an extension of time no later than 30 days after the expiration of the original deadline to file a notice of appeal, and the party shows good cause or excusable neglect. FED. R. APP. P. 4(a)(5). Here, Plaintiff's motion was too late to request an extension of time under this provision because he filed it more than 30 days after his deadline to file a notice of appeal expired on January 16, 2019.

The second option is through Rule 4(a)(6), which permits the district court to reopen the time to file a notice of appeal for a period of 14 days, but only all if the following conditions are satisfied.

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6).

With respect to the first condition, Plaintiff argues that he did not receive notice of the entry of judgment within 21 days of its entry (Doc. 248). According to him, he did not receive notice that judgment had been entered until his attorneys sent him a letter on March 5, 2019 (Doc. 248). This argument is unavailing.

The judgment was served on Plaintiff's attorneys in accordance with Rule 77(d) the day it was filed using the Court's electronic-filing system (Doc. 238). FED. R. CIV. P. 77(d), 5(b)(2). The notice to Plaintiff's counsel of the entry of judgment is imputed to Plaintiff. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 397 (1993) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney") (internal quotation marks omitted). *See also Resendiz v. Dretke,* 452 F.3d 356, 361, 362 (5th Cir. 2006) (holding notice to counsel of judgment constituted notice to petitioner and affirming

denial of petitioner's Rule 4(a)(6) motion to reopen time to appeal); *Wagan v. Alameida*, 506 Fed.Appx. 532, 533 (9th Cir. 2009) (same); *Herrera v. I.N.S.*, 2 Fed.Appx. 603, 604 (8th Cir. 2001) (same).

Plaintiff's counsel argues that they no longer represented Plaintiff as of the moment the judgment was entered (Doc. 257). Not so. Counsel had not asked to withdraw from representing Plaintiff, nor had the Court formally terminated counsel as attorneys of record for Plaintiff. Furthermore, counsel continued to represent Plaintiff and act on his behalf when they filed the post-trial motion on January 16, 2019 (Doc. 241).

In sum, because Plaintiff was represented by counsel at the time judgment was entered and in the months that followed, and counsel received notice of the judgment, that notice is imputed to Plaintiff and he cannot satisfy the first condition for reopening the time to appeal. His motion is denied.

**F. Defendants' Motion to Strike Plaintiff's *pro se* Motions at Docs. 259 and 260 (Doc. 261)**

Defendants ask the Court to strike Plaintiff's ***pro se*** "Motion for Leave to File And Decision On Pro Se Objection and Response to Bill of Costs" (Doc. 259) and his *pro se* "Motion for Leave to file and Decision on Pro Se Supplemental Motion for New Trial" (Doc. 260) because Plaintiff was still presented by counsel at the time he filed these motions.

Normally, litigants are not permitted to submit pro se motions or briefs while they are represented by an attorney (*see* Doc. 125). *Allison v. City of Bridgeport, Ill.*, 577 Fed.Appx. 603, 604 (7th Cir. 2014) (citing *United States v. Gwiazdzinski*, 141 F.3d 784, 787

(7th Cir. 1998); *Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir.1990). But given the breakdown in the attorney-client relationship, the Court will allow the filings in this instance. Defendants' motion to strike is denied. Defendants, however, will not be required to file responses to the motions.

**G. Plaintiff's *pro se* "Motion for Leave to file and Decision on Pro Se Supplemental Motion for New Trial" (Doc. 260)**

This motion is Plaintiff's *pro se* supplemental motion for a new trial. Plaintiff incorporates by reference the arguments made in the original post-trial motion filed by his recruited counsel (Doc. 241, Doc. 254). He also incorporates by references all arguments he made in his previous *pro se* motions (Docs. 248, 249, 258), and tacks on arguments challenging some of the Court's previous Orders that recruited counsel did not challenge in the original post-trial motion (Doc. 260; *see also* Doc. 241, Doc. 254). In other words, Plaintiff is trying to supplement the brief already filed by his attorney with his own *pro se* arguments.

In his new, supplemental arguments, Plaintiff claims it was "manifest error" for the Court to grant Wexford's motion for judgment on the pleadings and dismiss Wexford, to grant summary judgment for various Defendants, to deny Plaintiff's motion for leave to file a second amended complaint and to deny the related motion to reconsider, to deny in part Plaintiff's motion in limine and to grant in part Major Lyerla's motion in limine (Doc. 260, pp. 4–6). Plaintiff, however, does not specifically state why he believes these rulings were in error (*see* Doc. 260). He also does not specify which ground in Rule 60(b)

entitles him to relief (*see id.*).⁴ It is clear to the Court that Plaintiff's arguments do not fall within the scope of any bases for relief delineated in Rule 60(b) because he is suggesting Judge Williams made mistakes of law in his previous rulings and his arguments are all grounds that could have been presented in a direct appeal. *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 1294 (2019) ("As we have said often, Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely the erroneous application of law.'") (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). Because Plaintiff's supplemental arguments present no ground for relief that could not have been presented by way of an appeal from the final judgment, he is not entitled to any relief under Rule 60 and his motion must be denied.

**H. Plaintiff's *pro se* "Motion for Leave to File and Decision on Pro Se Objection and Response to Bill of Costs" (Doc. 259)**

Defense counsel filed a Bill of Costs on January 11, 2019, seeking costs in the amount of $3,173.30 (Doc. 239). A notice was issued to Plaintiff by the Clerk of Court on January 14, 2019 that the costs would be adjusted and taxed on January 28, 2019, and any objection had to be filed before that date (Doc. 240). *See* SDIL-LR 54.2. Plaintiff's counsel did not file any objection and so costs in the amount of $3,173.30 were taxed against Plaintiff (Doc. 243). Plaintiff now seeks to lodge the objections that his attorneys did not make.

---

⁴ Because this motion was filed more than 28 days after judgment was entered, it cannot be considered a motion for relief under Rule 59(a) or 59(e), and must instead be considered a motion for relief under Rule 60(b).

Under Federal Rule of Civil Procedure 54(d)(1), a party may challenge the clerk's order taxing costs within seven days from taxation. FED. R. CIV. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). The costs were taxed by the Clerk on January 29, 2019 (Doc. 243). That means Plaintiff's deadline to challenge the costs and obtain review by the Court was February 5, 2019. Plaintiff did not file the instant motion *until more than five months later* (Doc. 259).[5] The Seventh Circuit has held that "a party who fails to challenge the imposition of costs within Rule 54's time limit has waived any objection to those costs. *Lauth v. Covance, Inc.*, 863 F.3d 708, 718 (7th Cir. 2017); *Cooper v. Eagle River Mem'l Hosp., Inc.*, 270 F.3d 456, 464 (7th Cir. 2001); *Rowe v. Maremont Corp.,* 850 F.2d 1226, 1244 (7th Cir. 1988).

Because filed his motion challenging the imposition of costs outside Rule 54(d)'s seven-day time limit, his motion is untimely and must be denied.

<u>CONCLUSION</u>

The Motion for Reconsideration of Motion to Withdraw and Request for Substitution of New Counsel (Doc. 255) is **GRANTED**. Attorneys Kyler Stevens, Matthew Clyde, and Patricia Simons are **TERMINATED** as counsel of record for Plaintiff Jose Luera.

---

[5] Plaintiff first made reference to recruited counsel's failure to object to the imposition of costs in his *pro se filing* labeled as "Motion for Leave to File and Decision On Pro Se Objection and Response to Bill of Costs" filed on March 11, 2019 (Doc. 259). He mentioned it again in his Omnibus Motion for Equitable Relief" filed on June 5, 2019 (Doc. 258). He did not, however, make his actual arguments challenging the costs taxed to him until he filed his "Motion for Leave to File and Decision on Pro Se Objection and Response to Bill of Costs" on July 25, 2019 (Doc. 259).

15

Plaintiff's post-trial motion filed by recruited counsel (Doc. 241) is **DENIED**.

Plaintiff's *pro se* Motion for Relief from Judgment (Doc. 249) is **DENIED**.

Plaintiff's *pro se* Omnibus Motion for Equitable Relief (Doc. 258) is **MOOT**.

Plaintiff's *pro se* Motion to Reopen Time to File Notice of Appeal (Doc. 248) is **DENIED.**

Defendants' Motion to Strike Plaintiff's *pro se* Motions at Docs. 259 and 260 (Doc. 261) is **DENIED.**

Plaintiff's *pro se* Motion for Leave to file and Decision on Pro Se Supplemental Motion for New Trial (Doc. 260) is **DENIED**.

Plaintiff's *pro se* "Motion for Leave to File And Decision On Pro Se Objection and Response to Bill of Costs" (Doc. 259) is **DENIED.**

## NOTICE

If Plaintiff wants the Seventh Circuit to review this Order, he has **30 days from the date it is entered to file a notice of appeal**. FED. R. APP. P. 4(a)(1)(A). This deadline can be extended for a short time only if Plaintiff files a motion for an extension of time in the district court **either before deadline expires, or no later than thirty days after it expires, and shows excusable neglect or good cause for the extension**. FED. R. APP. P. 4(a)(5)(A); *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012).

**IT IS SO ORDERED.**

**DATED: September 30, 2019**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**